# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand sixteen.

PRESENT: DENNIS JACOBS,
    JOSÉ A. CABRANES,
    BARRINGTON D. PARKER,
       Circuit Judges,

- - - - - - - - - - - - - - - - - - - - -X

IN RE: 11 EAST 36TH, LLC,
  <u>Debtor</u>,

VICTORIA GUTHRIE,
  <u>Claimant-Appellant</u>,

  -v.-              16-1233

11 EAST 36TH, LLC, MORGAN LOFTS, LLC,
  <u>Debtors-Appellees</u>,

- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:      ANTHONY F. GIULIANO, Pryor & Mandelup, L.L.P., Westbury, New York.

1

**FOR APPELLEES:**                JONATHAN S. PASTERNAK, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, New York.

Appeal from judgment of the United States District Court for the Southern District of New York (Torres, J., Grossman, B.J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Victoria Guthrie appeals from the judgment of the United States District Court for the Southern District of New York (Torres, J., Grossman, B.J.) expunging her claim and declining to consider her constructive trust argument. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. We affirm the district court's judgment because Guthrie can no longer sue either *in rem* or *in personam*, and because she has waived her constructive trust claim.

In 2007, Guthrie mortgaged a condominium and loaned the proceeds to the Morgan Investment Fund, LLC (the "Morgan Fund"). When the loan was about to mature, Guthrie agreed to extend it if she received additional security. Avi Bobker, who managed the Morgan Fund, arranged for several other entities controlled by his family to sign pledge

2

agreements putting up collateral in exchange for the loan extension. One entity that signed a pledge agreement was 11 East 36th, LLC ("11 East"). 11 East had a 100% interest in an entity called Morgan Lofts, LLC ("Morgan Lofts"), and Morgan Lofts in turn owned several condominium units. 11 East pledged its ownership interest in Morgan Lofts as security for the Morgan Fund's debt to Guthrie, and Avi Bobker filed a UCC financing statement for the pledge on Guthrie's behalf. 11 East received no benefit from the transaction.

A few years later, 11 East and Morgan Lofts have both entered bankruptcy, and Guthrie has filed a Proof of Claim. However, the bankruptcy court discovered that the financing statement was inconsistent with the pledge: the financing statement described the collateral as the apartments Morgan Lofts owned, but the collateral pledged was actually 11 East's ownership interest in the Morgan Lofts entity itself. The bankruptcy court found that the financing statement was "seriously misleading," that it was therefore ineffective to perfect Guthrie's security interest, and that Guthrie's resulting unperfected claim was avoided under 11 U.S.C. § 544(a). She was left with no claim whatsoever, and the district court affirmed.

3

Guthrie does not appeal the holdings that the UCC statement was materially misleading, that her claim was therefore unperfected, or that it was properly avoided under the Bankruptcy Code. Her argument on appeal is that her claim should have been allowed to persist as an unsecured claim, rather than being expunged.

As Guthrie concedes, she never had a right to sue 11 East *in personam* for the debt owed to her by the Morgan Fund; and the bankruptcy court avoided her right to proceed *in rem* against the collateral (11 East's interest in Morgan Lofts). Guthrie has failed to persuade us that any other claim against the bankruptcy estate remains, and we decline to look for one. Since 11 East received no benefit from its pledge to Guthrie, and in the absence of a clear right to a claim, she has failed to show why she should share, *pari passu*, with the other unsecured creditors of 11 East. Even if we could posit some sort of non-*in rem*, non-*in personam* claim, it is difficult to see how the bankruptcy court could (other than by speculation) determine the dollar value of Guthrie's claim, given uncertainty as to whether the Morgan Fund will default, whether the other pledging entities can pay, and whether the starting point for the value of a claim should be the value of the Morgan Fund's debt or the value of 11 East's interest in Morgan Lofts, whatever that may be.

4

The district court had discretion to address Guthrie's constructive trust claim despite her failure to raise it before the bankruptcy court.  Davis v. Shah, 821 F.3d 231, 246 (2d Cir. 2016).  It did not abuse its discretion by declining to do so: the factual predicates for a constructive trust claim are disputed, and there is no manifest injustice in holding that she has waived her claim.  Id.

For the foregoing reasons, and finding no merit in the parties' other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5